IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUNDARI K. PRASAD,

    Plaintiff,

v.                                         Civil Action No. **3:17CV510**

**UNITED STATES OF AMERICA,**

    Defendant.

## MEMORANDUM OPINION

Sundari K. Prasad, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to *Bivens*.[1] By Memorandum Order entered on December 11, 2017, the Court directed Prasad to file a particularized complaint. (ECF No. 9.) Thereafter, Prasad filed a Particularized Complaint (ECF No. 12), which is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), *aff'd*, 36 F.3d 1091 (4th Cir. 1994). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de*

*Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Prasad's Particularized Complaint

The action proceeds on Prasad's Particularized Complaint (ECF No. 12).[2] Prasad captions her suit, "United States: 'We– the People'; v. Sundari K. Prasad." (*Id.* at 2.) Despite labeling herself as the defendant, the Court construes Prasad to name the United States as the sole Defendant.

In the December 11, 2017 Memorandum Order directing Prasad to file a particularized complaint, the Court explained as follows:

> Plaintiff fails to identify a Defendant, but instead names an "Unknown Agent." Moreover, Plaintiff's current allegations fail to provide the Defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
> Accordingly, Plaintiff is DIRECTED, within fourteen (14) days of the date of entry hereof, to particularize her complaint in conformance with the following directions and in the order set forth below:
> > a. At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:17CV510."
> > b. The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in

---

[2] The Court employs the pagination assigned to Prasad's Particularized Complaint by the CM/ECF docketing system.

> separately numbered paragraphs, a short statement of the facts giving rise to her claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why she believes each defendant is liable to her. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.
>
> c. The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.
>
> **<u>FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.</u>** *See* Fed. R. Civ. P. 41(b).

(ECF No. 19, at 1–2.) Prasad's Particularized Complaint fails to comply with the directives of the December 11, 2017 Memorandum Order. Prasad neither set forth legibly a short statement of the facts in separately numbered paragraphs, nor adequately explained why the Defendant United States is liable. Prasad repeatedly refers to "you" and "you – the people," as if she intends to name the entire Judicial Branch of the United States Government as the Defendant, and refers to herself as "we – the people." (Part. Compl. 3.) Prasad's Particularized Complaint is a rambling narrative that lists constitutional Amendments and offers vague sentence fragments of purported wrongdoings committed by no named defendant in particular. For example,[3] Prasad argues: "[T]he United States – 'We – the people' violated the entire U.S.C. that you – the people wrote – especially the following by denying me these certain unalienable rights." (*Id.*) Prasad then lists the First,[4] Second,[5] Sixth,[6] Seventh,[7] Eighth,[8] Ninth,[9] Tenth,[10] Thirteenth,[11] Fourteenth,[12] and

---

[3] The Court omits the emphasis and corrects the spelling, capitalization, and punctuation in the quotations from Prasad's Particularized Complaint. In some instances, Prasad's Particularized Complaint is not legible. The Court makes its best attempt to decipher these words.

[4] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof, or abridging the freedom of speech, or of the press, or the right of the

4

Fifteenth[13] Amendments. (*Id.* at 3–10.) The Court need not recite the sum of her allegations here, as she clearly fails to state a claim for relief.[14] Prasad's request for relief consists of four

---

people to peacefully to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I.

[5] "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

[6] In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

[7] "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend, XII.

[8] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[9] "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX.

[10] "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X.

[11] "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII.

[12] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[13] This Amendment states in relevant part: "The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude." U.S. Const. amend, XV.

[14] For example, with respect to the First Amendment, Prasad states as follows:

> 1st Amendment: Freedom of speech– hate speech – allowing others to bully me, call me a n[xxxxx], belittle me online, offline, everywhere, including

5

handwritten pages containing rambling comments and vague requests. (*Id.* at 10–13.) For example, she asks the Court for:

> all reliefs available: monetary, declaratory, and injunctive. Monetary in that all fees for all cases be reimbursed and paid in full and all fees zeroed. For pain [and] suffering, max amt allowable by law[.] Declaratory: "Just" relief (definition what is deemed 'as right' by case law in similar situations – not taking into account any of personal judges ideas or opinions that would infer anything of bias. Injunctive [and] declaratory – "Just" relief for situation (8) and that 13th Amendment be further clarified to remove strange clause, 1st Amendment consider "hate speech" [and] bullying is not free speech – add that in social media is thus not protected and should not be as free speech . . . .

(*Id.* at 10–11.)

### III. Analysis

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While courts should liberally construe pro se complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court need not attempt "to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Fourth Circuit has explained that "[t]hough [pro se] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally

---

> my son. Larry Flynt opened the door to this – he's subject of another suit. Social media – is not peaceably assembling, subject of another suit – hate speech is spoken there and has been against me – and my son – subject of case CL17-5845.[] You allow people to assemble to disseminate and perpetuate hate in groups and wave the flag of "free speech" and look at what happened in Charlottesville – people die because you "people" elected an idiot. Now is that free speech – or hate? In addition, I have petitioned the Gov't time and time again for a redress of grievances – to no avail and met with disgust. My needs have not been met – despite my ADA documented disabilities, which are protected – due to racism, sexism, classicism, socialism, favoritism, and elitism.

(Part. Compl. 3–4.)

evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett*, 775 F.2d at 1276. In other words, "[d]istrict judges are not mind readers" and "they cannot be expected to construct full blown claims from sentence fragments." *Id.* at 1278. It is both unnecessary and inappropriate to engage in an extended discussion of Prasad's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Although Prasad's Complaint has many legal infirmities, it ultimately will be dismissed as legally frivolous and for failure to state a claim.

In order to state a viable claim under *Bivens*, a plaintiff must allege that a person acting under color of federal authority deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Williams v. Burgess*, No. 3:09cv115, 2010 WL 1957105, at *2 (E.D. Va. May 13, 2010) (citing *Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004)). Here, Prasad names the "United States," and refers to "you" and "you people," throughout her Particularized Complaint. Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency" are persons amenable to suit under *Bivens*. *Cf. Lamb v. Library People Them*, No. 3:13–8–CMC–BHH, 2013 WL 526887, at *2–3 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining that the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *Preval v. Reno*, No. 99–6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983). Prasad's vague references to "you" and "you people" fails to adequately name a person.

Moreover, to the extent Prasad names the United States or the Judicial Branch of the United States Government as defendants, neither is amenable to suit under *Bivens*. *See Corr'l Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (explaining that an inmate "may bring a *Bivens* claim against the offending individual officer," but that the inmate "may not bring a *Bivens* claims against the officer's employer, the United States, or the BOP."). Prasad's only remedy for alleged constitutional deprivations under *Bivens* "lies against the *individual*." *Id.* Accordingly, Prasad's claims will be DISMISSED WITH PREJUDICE for failure to state a claim and as legally frivolous.

## IV. Conclusion

For the foregoing reasons, Prasad's claims will be DISMISSED WITH PREJUDICE as legally frivolous and for failure to state a claim. The action will be DISMISSED WITH PREJUDICE. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: MAR 02 2018
Richmond, Virginia

8